# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MALCOLM HAMPTON, JR.**                                                                          **PLAINTIFF**

**v.**                                                                                                      **No. 1:08CV51-A-B**

**SHERIFF ANDY HOOD, ET AL.**                                                        **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Malcolm Hampton (# 106498), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendants arrested him and held him from December 15, 2006, to February 8, 2007, on a charge for which he had already been convicted, sentenced, and had served his full time. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The Itawamba County Circuit Court sentenced the plaintiff to three years in the custody of the Mississippi Department of Corrections after his conviction for False Pretenses from charges arising out of Lee County, Monroe County, and Itawamba County. The plaintiff was released from incarceration on June 13, 2006. On December 15, 2006, however, the Monroe County Sheriff's Department arrested the plaintiff on charges of false pretenses pursuant to a warrant. When the plaintiff arrived at the Monroe County Jail, he informed Jail Administrator Danny Starks that he had already been convicted and had served his time on that charge. Starks compared the warrant to the 2004 sentencing order, but decided to wait for the plaintiff to appear

in court for resolution of that issue. The plaintiff appeared in court February 7, 2007, and met in the hallway with Starks and Luanne Thompson, the public defender. After that discussion, the plaintiff returned to the Monroe County Jail and was released the next day.

**Arrest and Detention of the Plaintiff - Due Process**

The plaintiff alleges that his arrest and detention violated due process because he told Jail Administrator Starks that he had already served his sentence on the False Pretenses charges. These allegations, however, fail to state a constitutional claim, as the United States Supreme Court has held:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released. . . . Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Baker v. McCollan*, 443 U.S. 137, 145-146, 99 S.Ct. 2689 (1979). That is precisely what the plaintiff alleges occurred in this case. He was arrested and detained on charges of false pretenses pursuant to a valid warrant. He told the jail administrator that he had already served his time on that charge. After a discussion between his attorney and the jail administrator on his court date, he appeared in court and was released. When a police officer makes an arrest under a properly issued warrant, the arrest is, quite simply, valid. *Rodriguez v. Ritchey*, 556 F.2d 1185 (5th Cir. 1977). A complaint based on such an arrest may be dismissed for failure to state a claim. *Id.*; *Simon v. United States*, 644 F.2d 490 (5th Cir. 1981) (citing Rodriguez ). The plaintiff has not

challenged the validity of the warrant. As such, this claim shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## The Actions of the Circuit Clerk

The plaintiff also alleges that the Monroe County Circuit Clerk, Judy K. Butler, committed an error of omission in issuing a warrant for the plaintiff's arrest based upon the charges of false pretenses because she "should have reasonably known" that the charge was satisfied. First, the court notes that only a judge may authorize an arrest warrant; a court clerk cannot. As such, the Circuit Clerk cannot be held liable for the issuance of the warrant in this case. In addition, these allegations state, at most, a claim of negligence, which is not a proper claim under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). The court shall dismiss the claims against defendant Butler for these reasons.

Finally, state court records show that, at the time of his December 2006 arrest, the plaintiff had not served his entire sentence on his convictions for false pretenses.[1] The three September 9, 2004, sentencing orders for his false pretenses convictions all state that his entire three-year sentence was suspended for each conviction, and he was placed on three years of supervised release. *See* attached September 9, 2004, sentencing orders from Lee County Circuit Court Cause No. CR04-272(G)L (Counts I and II), and Monroe County Circuit Court Cause No. CR04-144(G)M. The plaintiff was arrested on December 7, 2006, by the Itawamba County Sheriff's Department on charges of burglary and grand larceny. *See* attached Lee County Circuit

---

[1]The court takes judicial notice of the record of the plaintiff's state court proceedings in the circuit court. *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

Court Cause No. CR04-272(G)L, March 22, 2007, Order Revoking Post-Release Supervision. His post-release supervision was revoked because of the December 7, 2006, arrest in Itawamba County – and for the following reasons: he failed to report to his probation officer in September, October, and November of 2006; he failed to pay supervisory fees as directed; he failed to pay restitution as directed; and he tested positive for drug use on December 8, 2006. *Id.* Thus, the warrant issued for the plaintiff's arrest was valid, as he had not served his sentence on the false pretenses convictions as alleged. Therefore, the plaintiff's claims against defendant Butler shall also be dismissed on this independent basis.

In sum, the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the \_\_\_\_6th\_\_\_\_ day of August, 2008.

                                             **/s/ Sharion Aycock**
                                             **U. S. DISTRICT JUDGE**